UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YOUNES ABIDAR,<br><br>        *Plaintiff*,<br><br>v.<br><br>CAPITAL ONE BANK, N.A.,<br><br>        *Defendant*. | Civil Action No.: 24-cv-657<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Younes Abidar ("Mr. Abidar" or "Plaintiff"), by and through his undersigned attorneys, alleges the following against Capital One Bank, N.A. ("Capital One" or "Defendant"):

**PRELIMINARY STATEMENT**

1. Plaintiff is a victim of fraud by unknown perpetrator(s) during a trip to Beijing, China.

2. On May 23, 2023, while on his trip to China, Plaintiff met two women who spoke English and spent the day with them planning visits to different locations around Beijing.

3. The same day, Plaintiff went to a tea shop and karaoke establishment with the women and was served a beverage containing an incapacitating substance.

4. On May 23, 2023, while Plaintiff was at the tea shop, the perpetrator(s), without Plaintiff's knowledge and consent, made unauthorized transactions using Plaintiff's Capital One Venture X credit card account ending in x8248 (the "Account").

5. The women and/or other perpetrators also accessed Plaintiff's phone without authorization and deleted the women's contact information, as well as photos and videos taken on May 23, 2023, that were stored in Plaintiff's phone.

6. On May 23, 2023, the perpetrators executed two separate unauthorized transactions

using Plaintiff's Account in the amounts of $6,022.53 and $3,016.54.

7. The following day, May 24, 2023, Plaintiff accessed his email and discovered notice of the transaction for $3,016.54 from the night before.

8. Plaintiff promptly logged into his Capital One app and discovered the second transaction for $6,022.53 from the night before.

9. The amount of the unauthorized transactions on Plaintiff's Account totaled $9,039.07 (the "Stolen Funds").

10. Despite Plaintiff's reports of the fraudulent transactions, Defendant repeatedly denied Plaintiff's disputes and continue to hold Plaintiff responsible for the charges.

11. Plaintiff brings claims against Defendant for violations of the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666 et seq.; and the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA").

## PARTIES

12. Plaintiff is a natural person and citizen of Brooklyn residing in Kings County, New York.

13. Plaintiff is a "consumer" as defined by each of the relevant statutes. At all times relevant, Plaintiff's checking and savings accounts with Defendant were used for personal, family, or household purposes.

14. Defendant Capital One Bank, N.A. ("Capital One") is a national banking association formed under the laws of the United States and was, at all times relevant to this Complaint, a financial institution as defined by the EFTA, 15 U.S.C. § 1693a(9), and a "creditor" as defined by 15 U.S.C. § 1602(g).

## FACTUAL ALLEGATIONS

15. On May 22, 2023, Plaintiff traveled to and arrived in Beijing, China.

16. On or about May 23, 2023, while in Beijing, Plaintiff met two women who spoke English and spent the day with them visiting different locations around the city.

17. That same day, May 23, 2023, Mr. Abidar went to a tea shop and karaoke room in Beijing with the two women where he was served a beverage that incapacitated him.

18. While Plaintiff was at the tea shop, the two women and/or other unknown perpetrators were somehow able to access Plaintiff's Capital One Venture X credit card (ending in x8248) and executed two different transactions in the amounts of $6,022.53 and $3,016.54 without Plaintiff's knowledge or consent.

19. On or about May 24, 2023, Plaintiff accessed his email and discovered an email from Defendant Capital One Bank, N.A. regarding an unrecognized transaction for $3,016.54 that occurred on the previous day.

20. Shortly thereafter, Mr. Abidar replied to advise Capital One that the transaction was unauthorized.

21. Plaintiff promptly logged into his Capital One app and discovered a second unauthorized transaction for $6,022.53 on May 23, 2023, which Plaintiff also disputed.

22. Plaintiff received a "Recap of Your Recent Fraud Report" email from Defendant acknowledging his disputes.

23. Defendant closed Mr. Abidar's card and issued a new one ending in x3700. Plaintiff was also provided with a temporary credit while the investigation took place.

24. On May 25, 2023, Plaintiff left Beijing.

25. By letter dated May 25, 2023, Defendant reassured Plaintiff that it was investigating Plaintiff's Fraud Claim and informed Plaintiff that it would contact him in the event that additional information was needed.

26. On May 27, 2023, Plaintiff received two (2) separate fraud resolution letters from Defendant, one resolving the Claim in Plaintiff's favor and one denying the Fraud Claim.

27. Plaintiff immediately disputed these results, and the case was reopened.

28. By email dated June 16, 2023, Defendant requested supporting documentation.

29. On or about June 18, 2023, Plaintiff uploaded photo evidence and a dispute letter through a secure link provided by Capital One in the previous email.

30. On June 30, 2023, Plaintiff sent an additional dispute letter via certified mail, including the photo evidence previously uploaded to Capital One.

31. On or about July 6, 2023, Plaintiff received confirmation that the certified letter was delivered to Defendant.

32. On or about August 18, 2023, Plaintiff reached Defendant via phone to inquire regarding the ongoing dispute and was informed the Claim was denied.

33. To date, Defendant has failed to credit Plaintiff for the total amount of $9,039.07 (the "Stolen Funds") and continues to assert that Plaintiff is liable for the unauthorized charges.

## CLAIMS FOR RELIEF

### COUNT ONE
**Violations of the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666 et seq.**

34. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

35. Defendant did not conduct a reasonable investigation of the unauthorized charges on Plaintiff's credit card account.

36. Plaintiff's purchasing history is inconsistent with the unauthorized charges.

37. Defendant never requested information regarding Plaintiff's knowledge of who used the card.

38. Plaintiff does not know who used the card.

39. Upon information and belief, the signature on the credit slips signed by the identity thief, should such exist, will not match Plaintiff's signature.

40. In short, any reasonable investigation of these charges would have resulted in their permanent removal from Plaintiff's account.

41. Defendant's actions and omissions as set forth above constitute violations of the FCBA. These violations include, without limitation:

   a. Unlawfully charging Plaintiff for transactions he never authorized and for goods and/or services that he never received.

   b. Failing to adequately investigate the dispute and correct Plaintiff's bill by permanently reversing the charges related to the transactions.

   c. Failing to send to Plaintiff a written explanation or clarification, setting forth the valid reasons why Defendant believes Plaintiff is liable for the disputed charges.

   d. Failing to cease billing and collection activity upon notification by Plaintiff that the account was disputed.

42. As a result of Defendant's violations of the FCBA, Plaintiff is entitled to actual damages, statutory damages, a declaratory judgment that Defendant has violated the statute, costs, and reasonable attorneys' fees.

## COUNT TWO
## Truth In Lending Act, 15 U.S.C. § 1601, et seq.

43. Plaintiff repeats and re-alleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

44. Pursuant to 15 U.S.C. § 1643, a "cardholder" such as Plaintiff is liable for the unauthorized use of a credit card only if, among other things, "the liability is not in excess of $50." 15 U.S.C. § 1643(a)(1)(B).

45. The Unauthorized Charges to Plaintiff's card, in the amount of $9,039.07, exceeds $50.

46. Even though Plaintiff is not liable for the Unauthorized Charges under 15 U.S.C. § 1643, Defendant has unlawfully attempted to hold Plaintiff responsible for the Unauthorized Charges plus associated fees in violation of TILA.

47. As a result of Defendant's violation of TILA, Plaintiff is entitled to actual damages, statutory damages, declaratory judgment that Defendant has violated the statute, reasonable attorneys' fees, and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seek(s) judgment in his favor and damages against Defendant:

    A.    awarding Plaintiff actual damages, treble damages, statutory damages, punitive damages, costs, and reasonable attorneys' fees; and

    B.    such other and further relief, including equitable and declaratory relief, as may be necessary, just, and proper.

(*continued on the following page*)

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demand(s) a trial by jury of all issues triable by jury.

Dated: January 29, 2024

*/s/Daniel A. Schlanger*
Daniel A. Schlanger
H. Cooper Ellenberg (PHV Forthcoming)
Schlanger Law Group, LLP
80 Broad Street
Suite 3103
New York, NY 10004
T: 212-500-6114
F: 646-612-7996
E: dschlanger@consumerprotection.net
E: hellenberg@consumerprotection.net

*Attorney(s) for Plaintiff*
